PLUESE, BECKER & SALTZMAN, LLC
Attorneys At Law
20000 Horizon Way, Suite 900
Mount Laurel, New Jersey 08054
(856) 813-1700
Attorneys for Plaintiff
Filing Attorney:
__Rob Saltzman, Esquire ID #043891988
_x_Sanford J. Becker, Esquire ID #243731972
__Robert F. Thomas, Esquire ID #018621993
__Stuart West, Esquire ID #015672002
__Kevin Diduch, Esquire ID #124612014
__Kathleen L. Stanton, Esquire ID #012202011
File Number: 084603 vs

| | |
|---|---|
| CITIGROUP MORTGAGE LOAN TRUST INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br><br>            Plaintiff<br><br>    v.<br><br>FIRST PRESTIGE MORTGAGE SERVICES, INC., et al.<br>            Defendants | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>ESSEX COUNTY<br>DOCKET NO.: F-011431-14<br><br>CIVIL ACTION<br><br>FINAL JUDGMENT |

This matter being opened to the Court by Plaintiff, by and through Counsel, Pluese, Becker & Saltzman, LLC, Sanford J. Becker, Esquire appearing, and it appearing that Summons, Complaint and Amendment to Complaint, if any, have been duly issued and returned served upon the following Defendant(s), who have filed an Answer, which does not dispute the priority or validity of the Plaintiff's mortgage: None

And it further appearing that service of the said Summons Complaint and Amendment to Complaint, if any, have been made upon the following Defendant(s), in accordance with the Rules of this Court, and default having been entered against said Defendant(s): FIRST PRESTIGE MORTGAGE SERVICES, INC.; AUTUMN URLING; WELLS FARGO BANK, N.A. SUCCESSOR TO WACHOVIA BANK; PNC BANK, N.A.; STATE OF NEW JERSEY; HAMMOND TRAIER AND BURNS LLC; UNITED STATES OF AMERICA

And the Plaintiff's Note/Bond, Mortgage, and Assignment of Mortgage, if any, having been presented and marked as exhibits by the Court, and proofs having been submitted of the amount due on Plaintiff's mortgage and on the subsequent encumbrances of the following Defendant(s), whose priority cannot be determined at this time and must await surplus money proceedings, if any: None

and sufficient cause appearing;

IT IS on this ___23rd___ day of ___March_____ 2017, ORDERED and ADJUDGED that the Plaintiff is entitled to have the sum of $999,287.16 together with the lawful interest from December 30, 2016   together with costs of this suit to be taxed, including a counsel fee of $_____7500.00_____, and raised and paid in the first place out of the mortgaged premises; and it is further

ORDERED that the Plaintiff, its assignee or purchaser duly recover against the Defendant(s), Mortgagors/Owners, and all persons or entities taking, holding, or claiming under said Defendant(s), the possession of the premises mentioned and described in the said Complaint and Amendment to Complaint, if any, with appurtenances, and that a Writ of Possession issue thereon, and it is further,

ORDERED and ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due, in the first place to the Plaintiff, Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2007-AMC1, U.S. Bank National Association, as Trustee the sum of $999,287.16 with lawful interest thereon as aforesaid, and the plaintiff's costs to be taxed, with lawful interest thereon, and that an execution for that purpose duly issued by this Court to the Sheriff of Essex County, commanding said Sheriff to make sale according to law of the mortgaged premises described in the Complaint and Amendment to Complaint, if any, and from the moneys arising from said sale, that said Sheriff pay in the first place to the Plaintiff, Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2007-AMC1, U.S. Bank National Association, as Trustee said Plaintiff's debt, with interest thereon as aforesaid and said plaintiff's costs with interest thereon as aforesaid, and in case more money shall be realized by the said sale that shall be sufficient to satisfy such several payments as aforesaid, that such surplus be brought into this Court to abide the further Order of this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delay required by the Rules of this Court; and it is further

ORDERED and ADJUDGED that the Defendant(s) in this cause and each of them, stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgaged premises described in the Complaint and Amendment to Complaint, if any, when sold as aforesaid by virtue of this Judgment by 28 U.S.C. §2410; and it is further.

ORDERED and ADJUDGED   that the question of priority between plaintiff and defendant,

United States of America, as to late charges and any interest on advances shall await surplus money proceedings, if any.

Notwithstanding anything herein to the contrary, this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act, N.J.S.A. 2A:18-61.1, et seq., the right of redemption given the United States under 28 U.S.C. section 2410, the limited priority rights for the aggregate customary condominium assessment for the six-month period prior to the recording of any association lien as allowed by N.J.S.A. 46:8B-21 or rights afford by the Service Members Civil Relief Act, 50 U.S.C. .app. 501 et seq. or N.J.S.A. 38:23C-4.

/s/ Paul Innes, P.J.Ch

Respectfully Recommended
R. 1:34-6 Office of Foreclosure