| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with**<br>**D.N.J.LBR 9004-1**<br><br>**STEWART LEGAL GROUP, P.L**.<br>*Formed in the State of Florida*<br>Gavin N. Stewart, Esq.<br>*Of Counsel to Bonial & Associates, P.C.*<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>Tel: 813-371-1231/Fax: 813-371-1232<br>E-mail: gavin@stewartlegalgroup.com<br>*Attorney for NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2007-AMC1, U.S. Bank National Association, as Trustee* | |
| In re:<br>Autumn Urling<br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 25-22722-JKS<br><br>Hearing Date: January 8, 2026<br><br>Judge John K. Sherwood |

## **OBJECTION TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY**

Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2007-AMC1, U.S. Bank National Association, as Trustee, objects to Debtor's Motion to Extend the Automatic Stay (Doc. No. 5) ("Motion") and states:

1. On March 26, 2014, Creditor commenced a foreclosure action in the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-011431-14 (the "Foreclosure Action"), concerning the following real property:

COMMONLY known as 110 Valley Road, Montclair, NJ 07042.

BEING also known as Lot 14, Block 1507 on the tax map of the Township of Montclair.

Dimension: Approximately 60 x 100

Nearest Cross Street: Situate on the Westerly side of Valley Road approximately 150 feet northerly from the Northerly line of Claremont Avenue.

The following is a metes and bounds legal description as found in the Mortgage:

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Montclair, County of Essex State of New Jersey:

BEGINNING at point in the westerly side of Valley Road, distant measured Northerly along the same 150 feet from its intersection with the northerly line of Claremont Avenue;

THENCE (1) North 35 degrees 9 minutes East, along the westerly side of Valley Road, 60 feet to a point;

THENCE (2) Along that line, North 54 degrees 51 minutes West, at right angles to Valley Road, 100 feet;

THENCE (3) South 35 degrees 9 minutes West, parallel to the first course, 60 feet;

THENCE (4) South 54 degrees 51 minutes East, 100 feet to the westerly line of Valley Road at a point and place of BEGINNING.

The above description is in accordance with a survey made by P2 Land Surveying, Inc., dated September 18, 2006.

NOTE: Being Lot(s) 14, Block 1507, Tax Map of the Township of Montclair, County of Essex.

NOTE: Lot and Block shown for informational purposes only.

**AKA <u>110 Valley Road, Montclair Township, New Jersey 07042</u>** (the "Property").

2. On March 23, 2017, the Superior Court of New Jersey entered a Final Judgment of Foreclosure in favor of Creditor in the principal amount of $999,287.16, together with lawful interest and costs to be taxed, and directed that the Property be sold at Sheriff's sale.

3. Since the entry of the Final Judgment, the Debtor has engaged in a repeated pattern of bankruptcy filings, each filed immediately prior to a scheduled Sheriff's sale and each resulting in dismissal or termination without completion.

4. The Debtor's actions to delay and obstruct Creditor's enforcement of its *in rem* rights include the following bankruptcy filings affecting the Property:

| Bankruptcy Filing | Bankruptcy Case Number | Debtor | Filing Date | Chapter | Disposition |
|---|---|---|---|---|---|
| 1 | 17-27154-JKS | Autumn M. Urling | 8/23/2017 | 13 | Dismissed for failure to make plan payments (5/29/2018) |
| 2 | 18-17616-JKS | Autumn M. Urling | 4/17/2018 | 7 (previous 11) | Discharge entered (2/6/2020) |
| 3 | 22-10449-JKS | Autumn M. Urling | 1/19/2022 | 13 | Dismissed for failure to make plan payments – (8/12/2022) |
| 4 | 23-10985-JKS | Autumn M. Urling | 2/6/2023 | 13 | Dismissed for failing to sell, refinance or obtain a loan modification (8/12/2022) |
| 5. | 24-15193-JKS | Autumn M. Urling | 5/22/2024 | 13 | Voluntarily dismissed (11/18/2025) |
| 6. | 25-22722-JKS | Autumn M. Urling | 12/1/2025 | 13 | Pending |

5. Each of the foregoing bankruptcy cases resulted in the postponement of a scheduled Sheriff's sale, and none resulted in a confirmed and completed plan providing for payment of Creditor's secured claim. Taken together, the timing and disposition of these filings demonstrate a calculated scheme to hinder, delay, and abuse Movant's foreclosure rights.

6. Under 11 U.S.C. § 362(c)(3)(C)(i)(III)(bb), there is a presumption that this case was not filed in good faith as to any creditor when there has not been a substantial change in the financial or personal affairs of the debtor or any other reason to conclude that a confirmed plan will not be fully performed.

7. Moreover, a debtor's good faith is evaluated under the totality of the circumstances. *In re Kitchens,* 702 F.2d 885, 888 (11th Cir. 1983); *Gen. Lending Corp. v. Cancio,* 578 Fed. Appx. 832, 834-835 (11th Cir. 2014)[1].

8. Considering the Debtor's serial filings, the failure of prior cases, the length of time elapsed since entry of the Final Judgment, the continued delay of foreclosure, and the substantial prejudice suffered by Movant, cause exists for prospective relief from the automatic stay.

9. In the instant case, the Debtor proposes to pay the Chapter 13 Trustee $31,589.00 per month for sixty (60) months, asserting feasibility based on an anticipated increase in income to $40,000.00 per month.

10. For a substantial period of time, Creditor has not received—and continues not to receive—payments sufficient to adequately protect its interest in the Property, resulting in ongoing erosion of its collateral position. The Debtor's speculative and unsupported projections of increased future income are insufficient to establish feasibility or good faith, particularly where this filing represents the Debtor's sixth bankruptcy case since entry of the Final Judgment.

11. As of December 2, 2025, the total reinstatement amount was $1,172,109.62 and the total payoff amount was $1,587,737.50.

---

[1] The 11th Circuit proscribed the following non-exhaustive list of factors for consideration of bad faith in *In re Kitchens:* (1) the amount of the debtors income from all sources; (2) the living expenses of the debtor and his dependents; (3) the amount of attorney's fees; (4) the probable or expected duration of the debtor's Chapter 13 plan; (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of the Chapter 13; (6) the debtor's degree of effort; (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors; (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) the burden which the plan's administration would place on the trustee.

12. Accordingly, any extension of the automatic stay should expressly exclude Creditor and its interest in the Property.

**WHEREFORE**, Creditor respectfully requests the Court enter an order denying the Debtor's Motion and for such other and further relief as the Court deems appropriate.

                Stewart Legal Group, P.L.
                Attorney for Creditor

By:    */s/Gavin N. Stewart*
       Gavin N. Stewart, Esq.